The opinión of the Court was delivered by
Todd, J.
Tbe sole matter in controversy in this ease relates to the ownership of a number of shares of stock of the Cincinnati Gas Light Company, and a small dividend thereon.
The plaintiff, who is the universal legatee of George T. Rowe, deceased, claims that the stock belonged to the community that existed between the said deceased and Louisa P. Rowe, his wife, also deceased, and that the community interest of the'former belongs to her as such universal legatee. The defendant, who is the executor of the succession of Mrs. Rowe, and the attorney for absent heirs, claims that the stock in question was Mvs.-Rowe’s paraphernal property, and belongs to her succession.
*375 Mrs. Rowe die,(l in 1878, and George T. Rowe in 1880.
The property in dispute was inventoried as belonging to tlie succession of the former. By the last will of Mrs. Rowe, her surviving husband, George T. Rowe, was given the usufruct of this and other property, which was specifically namedin the will, and under this-devise lie had possession of it and received its revenues up to the time of his death.
The plaintiff assumes that the property in question belonged to the community existing between the deceased spouses, basing her claim upon the legal presumption that all property acquired during the marriage, whether'in the name of the husband or wife, and remaining at its dissolution, belongs to the community. The property was purchased and stood in the name of the wife during the marriage, and the defendant, as stated, contends that it was her separate property.
We find it unnecessary, from our view of the case, to take into consideration a great deal of evidence in the record referring to the origin of the fund, or how and whence derived, with which the purchase was in the first place made.
These facts are certain:
That the purchase or purchases of the first shares acquired were made in the name of Mrs. Rowe.
That the remaining shares accrued or were acquired by the dividends or profits arising- from the shares purchased.
That these shares were treated by the Company as the separate property of Mrs. Rowe, and the dividends paid or accounted for to her.
That her husband, George T. Rowe, during the long series of years that these transactions were going on, verbally, and in writing, acknowledged, both during the lifetime of Mrs. Rowe, and after her death, that they were her individual or separate property; that he joined in an act to authorize his wife to pledge a number of the shares to secure a loan made to her individually; he acted as her agent at times with reference to the business with the Company connected with these shares. In short, in every possible way, both by act and word, he disclaimed any title or interest in this property, and admitted and declared the title of his wife thereto.
The usufruct of this property — the right to receive its revenues — was given to the husband by the will of his wife; they were inventoried as belonging to her estate. The revenues from them were received by liim after her death, and we hear no claim asserted by him .to the property itself.
In the face of all this evidence — with these facts opposed to him— George T. Rowe, after the death of his wife, could not have recovered this property from her estate. His acts and admissions would have *376 placed the matter beyond controversy. These admissions were made at times not suspicious, when there was no motive whatever for concealment, when there were no creditors, and the rights of third persons were not involved.
They show conclusively that he had no right to this property, and , therefore, could convey none.
The plaintiff, claiming only as an object of Ins benevolence, being neither croditornor forced heir, has, and could have, no better right, than the testator possessed, and we clearly see that he had none. There is no allegation by the plaintiff of fraud or simulation on the pari of the person under whom she claims in connection with his acts and admissions referred to, and from her position, she would be suffered to make no such charge.
Hence, it is evident that the authorities relied on by her counsel, and cited in their argument, have no application to the facts upon which, in our opinion, the proper determination of the case rests. The principle upon which our conclusion .is based has been frequently recognized in the decisions of this Court, and is firmly imbedded in our jurisprudence. Thus, in the case of Drumm vs. Klemman, 31 A. 124, in which Chief Justice Manning was the organ of the Court, where the effect of the acts and declarations of .the husband touching property held as the separate property of the wife, was under consideration, we find the following language:
“ Can the present plaintiffs gainsay this declaration in the deed, to which the husband had put his hand ? If they were creditors or forced heirs of the testator, there is no doubt they could. "Were it otherwise, collusive declarations made by parties to an authentic act would conclude those whose interests are affected by them. But the plaintiffs are neither creditors nor forced heirs. One is the mere executor of the will, with no substantial interest in the question. The other two are simply subjects of gratuitous bounty, who have no claim to any of the testator’s property except that derived from the will. They stand in his shoes. They are bound by his acts and his words. They cannot claim as his that which he declared or admitted was another’s.”
And in the case of the Heirs of Compton vs. Maxwell, 33 A. 688, the irresent Court, referring to a like state of facts, said:
“ This recognition (by the husband) is shown by the purchase of property in the name of the wife, including the property in controversy, in some of which purchases the husband joined to authorize her, by powers of attorney executed by her to her husband, empowering him to represent her in her business affairs, which, during his life, were conducted in her name. ? In the face of-these acts and proceedings, it would:hardly be contended that Thomas A. Compton. *377 (the liusband) if alive, could be listened to in asserting a claim to this property. His heirs, claiming through him, stand in no better condition.”
See also, Barbet vs. Rath, 16 A. 271; Arnover vs. Case, 9 A. 242; Stewart vs. Mix, 30 A. 1036.
The case of Kernan vs. Ins. Company, 28 A. 312, cited by plaintiff’s counsel, is not in point, for that involved a contest between the heirs of the father and the creditors of the mother, where it was competent and legitimate to show the falsity of the declarations of the husband in favor of the wife.
This matter in no manner involves the question of estoppel raised by the plaintiff’s counsel. It is not a case where plaintiff or any one else has been induced to act upon the statements of another party, and would be prejudiced by permitting him to deny their truth; but, on the contrary, is a case where the representations of a party in whose favor the statements or declarations were made, simply assert them as a matter of evidence against the adverse pretensions of the one, who claims under him, by whom they were made. We, by our ruling on this point, merely announced that, in cases where the rights of creditors or forced heirs, or other third parties, are in no manner affected, the declarations and admissions of the-husband, made at a time not suspicious, that certain property'belongs- to his wife and was acquired by her in her own right, by purchase or otherwise, in the absence of any charge of fraud or errory-aré proper and. sufficient evidence against him, and those claiming through or under him, and that such admissions may be proved under-tbfe-'géne-ral issue.
Entertaining these views, we think the judgment of the lower court, which was in favor of the plaintiff, was erroneous.
It is therefore ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed, and that plaintiff’s demand be rejected with costs of both Courts.
Mr. Justice Poché takes no part, not being present during argument.